**Kelvin R. DAVIS, Plaintiff–Appellant,**

v.

**CITY OF CINCINNATI, Defendant,**

**Evelyne Marital; Lisa C. Allen, et al., Defendants–Appellees.**

**No. 00–4084.**

United States Court of Appeals, Sixth Circuit.

June 12, 2001.

Before RALPH B. GUY, JR., NORRIS, and GILMAN, Circuit Judges.

Kelvin R. Davis, an Ohio litigant, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The facts underlying this action are adequately set forth in the magistrate judge's August 6, 1999 report and recommendation and will not be repeated herein. Suffice it to say that Davis initiated this action with the filing of the complaint on April 19, 1998, naming the City of Cincinnati, Ohio, Prosecutors Evelyne Marital and Lisa C. Allen, the Hamilton County Clerk of Courts, the Hamilton County Sheriff's Department, the Hamilton County Municipal Court, and Municipal Court Judge Elizabeth Mattingly as defendants. Davis claims that the defendants violated his constitutional rights during events that occurred following his receipt of a speeding citation in August 1997. Davis's complaint also raises claims under the Ohio Constitution and Ohio law for abuse of process and malicious prosecution. Davis sought compensatory and punitive damages.

The district court dismissed the Hamilton County Clerk of Courts and Hamilton County Municipal Court in an order filed March 10, 1999. Judge Mattingly was dismissed on April 5, 1999. On April 5, 1999, Davis filed an amended complaint in which he reasserted claims against the Hamilton County Clerk of Courts, and the Hamilton County Municipal Court, and named Hamilton County, Ohio as a defendant. Defendants Hamilton County Clerk of Courts, Hamilton County Municipal Court, and Judge Mattingly responded with new motions to dismiss Davis's amended complaint. The Hamilton County Board of Commissioners and the Hamilton County Sheriff also filed a joint motion for summary judgment arguing that Davis improperly named the Hamilton County Sheriff's Department and Hamil-

ton County, Ohio, as defendants in this action and asking that judgment be entered in their favor as a matter of law. The district court, adopting the magistrate judge's recommendation, granted the motion for summary judgment and also granted the renewed motions to dismiss. The court subsequently issued an order dated August 1, 2000, dismissing sua sponte defendants City of Cincinnati, Prosecutor Marital, and Prosecutor Allen. Reconsideration was denied. This timely appeal followed.

On appeal, Davis limits his arguments to the district court's order granting summary judgment to the county defendants (Hamilton County Sheriff and the Hamilton County Board of Commissioners). He also argues that the district court erred when it failed to hold a hearing concerning the ethical complaint that he filed against the defendants.

▮ Upon review, we affirm the district court's judgment as there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). In order to maintain a claim against the county defendants, Davis must establish that he was deprived of a federally-protected right and that this deprivation was caused by a policy or custom of the county defendants. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here, the undisputed evidence reveals that Davis was stopped based on a warrant indicator linked to the license number of the taxicab he was driving, and subsequently arrested pursuant to a facially valid warrant. Davis was held in jail for less than 24 hours before he was brought before a judge on the capias. Thus, Davis did not suffer any violation of his due process rights and his arrest does not constitute a constitutional violation. *See County of Riverside v. McLaughlin,* 500 U.S. 44, 55–57, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); *Baker v. McCollan,* 443 U.S. 137, 144, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Davis also fails to show that he has a constitutional or statutorily-created right to be cited to court rather than physically arrested when a capias has been issued for his arrest. The Supreme Court recently held that arresting a person for a misdemeanor traffic violation does not violate the Fourth Amendment. *See Atwater v. City of Lago Vista,* 532 U.S. 318, 121 S.Ct. 1536, 1557–58, 149 L.Ed.2d 549 (2001).

Finally, because there was no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over any supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.